IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DENISE KRYKEWYCZ, | : |
|     Plaintiff, | : |
| v. | : Civil Action No. 17-821-RGA |
| NANCY A. BERRYHILL, Acting Commissioner Of Social Security, | : |
|     Defendant. | : |

**MEMORANDUM**

This social security appeal comes before the Court on the Magistrate Judge's Report and Recommendation. (D.I. 13). The Magistrate Judge recommended that the Court rule in favor of Defendant. Plaintiff filed Objections. (D.I. 14). I review the objections *de novo*.

The first objection is that the ALJ did not incorporate into his Residual Functional Capacity (RFC) determination any mental limitations from the ALJ's findings that she had the severe mental impairments of anxiety, posttraumatic stress disorder, and personality disorder. These impairments led the ALJ to find, "With regard to concentration, persistence or pace, the claimant has moderate difficulties. (Tr. 22).

Plaintiff raised this issue before the Magistrate Judge. (D.I. 13 at 27). Plaintiff there argued, as she does now, that it was legal error to include no mental limitations, and that limiting Plaintiff's RFC to "unskilled work" is not a mental limitation. In support of this argument, Plaintiff cites *Ramirez v. Barnhart*, 372 F.3d 546, 555 (3d Cir. 2004).

*Ramirez* is Plaintiff's best case. There, the Third Circuit held that the hypothetical question asked of the vocational expert "did not accurately convey all of [claimant's]

1

impairments, and the limitations they cause," which meant that the ALJ's decision was not supported by substantial evidence. *Id.* at 552. The hypothetical question included the limitation that claimant could perform "no more than simple one or two-step tasks." *Id.* at 554. The ALJ had found that the claimant "*often* suffered from deficiencies in concentration, persistence, or pace." *Id.* The Court explained that "deficiencies in pace" would impact whether an individual who could perform simple tasks could perform them "over an extended period of time." *Id.* The Court also noted, "[T]here may be a valid explanation for [not including deficiencies in pace] from the ALJ's hypothetical." *Id.* at 555. It might not "limit her ability to perform tasks under a production quota." *Id.* I take it from this discussion that the reason for the reversal in *Ramirez* was premised on an inadequate explanation for the omission of a mental limitation in a hypothetical question. Thus, I think it would be incorrect to read *Ramirez* as requiring either that a finding of a moderate deficiency in concentration, persistence or pace had to appear in the hypothetical question once such a finding is made in the "Steps 2 and 3" analysis, or that a limitation to "unskilled work" cannot account for the mental impairments a claimant has.

The ALJ's hypothetical questions to the vocational expert included the limitations that Plaintiff was limited to "medium exertional level" work that is "unskilled, must be reasoning level one or two, there's no more than occasional interaction with co-workers and supervisors and there's no interaction with the general public." (Tr. at 75). Plaintiff's attorney questioned the vocational expert with hypothetical questions that included limitations for difficulty following a schedule and being easily distracted. (Tr. at 81-82). If Plaintiff's attorney's hypothetical question were accurate, the vocational expert's answers would lead to the conclusion that Plaintiff was disabled.

In the briefing before the Magistrate Judge, the parties cited and argued about the impact of various non-precedential Third Circuit opinions.[1] The Commissioner also cited a precedential Eleventh Circuit case, *Winschel v. Commissioner*, 631 F.3d 1176 (11th Cir. 2011), which seems to me to be consistent with the non-precedential Third Circuit cases. The Eleventh Circuit held:

> Other circuits have also rejected the argument that an ALJ generally accounts for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work. [Citing three decisions, including *Ramirez*]. But when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations.

*Id.* at 1180.

Plaintiff has the burden of proof to show what her RFC is. *See Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005). The ALJ examined the record and explained which medical evidence about mental impairments he was crediting and which he was not. (D.I. 4-2, Tr. at 25-26). In particular, he credited evidence that "the claimant is not precluded from understanding, remembering, and carrying out simple instructions, maintaining attention for two-hour periods, sustaining an ordinary routine, and interacting with detailed tasks, but that she is limited in working with detailed tasks." (*Id.* at 26). The ALJ also took into account that, "after her hearing," "[d]ue to the lack of evidence addressing the claimant's mental impairments, she was scheduled for consultative examinations with a psychiatrist and a psychologist," but she "did not appear for [them] in April or June 2015." (*Id.*).

---

[1] The most pertinent are: *Holley v. Commissioner*, 590 F. App'x 167 (3d Cir. 2014); *Menkes v. Astrue*, 262 F. App'x 410 (3d Cir. 2008); *McDonald v. Astrue*, 293 F. App'x 941 (3d Cir. 2008).

3

Thus, the ALJ explained why he was not imposing any express mental limitations. It follows that the RFC description limiting her to "unskilled work" provided substantial evidence for the ALJ's conclusion that there was work that Plaintiff could perform (whether that conclusion was based on the vocational expert's testimony or the Medical-Vocational Grids).

Plaintiff's second objection is essentially a variation on the first objection. The ALJ used the Medical-Vocational Grids to determine that Plaintiff was not disabled. (*Id.* at 29). Such reliance on the grids is permissible under some circumstances. When the claimant's properly-determined RFC consists of exertional limitations only, the Grids can be used to determine how many jobs exist in the national economy for individuals with the same exertional limitations.

Plaintiff's argument is that she had non-exertional limitations, and it was therefore error to mechanically apply the Grids. *See Sykes v. Apfel*, 228 F.3d 259 (3d Cir. 2000). Plaintiff's premise, however, is that there should have been non-exertional limitations, which is also the premise of his first objection. Since I do not accept it in connection with the first objection, I also do not accept it in connection with this objection.[2]

Entered this 28 day of September 2018.

/s/ Richard G. Andrews
United States District Judge

---

[2] It appears as though the ALJ could have relied upon the testimony of the vocational expert, but chose not to do so. It does not seem to me to be relevant, as I interpret the vocational expert's testimony as being consistent with the Grids. Thus, if Plaintiff's premise (that there should have been non-exertional limitations in the RFC) is correct, then the vocational expert's testimony would not be substantial evidence as it would be based on an inaccurate hypothetical question.

4